Matthew Pero (#130746)
   mpero@afrct.com
Fred Hickman (#124406)
   fhickman@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN
   CAMPBELL & TRYTTEN, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
f/k/a WACHOVIA MORTGAGE, FSB
f/k/a WORLD SAVINGS BANK, FSB

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>CHARLES A. WITHERSPOON; ELIZABETH C. WITHERSPOON,<br><br>Debtors. | Case No. 06-52719-ASW<br><br>Chapter 13<br><br>Adv. Pro. No. 08-05205-ASW<br><br>**DEFENDANT'S UNILATERAL CASE MANAGEMENT STATEMENT** |
| CHARLES A. WITHERSPOON; ELIZABETH C. WITHERSPOON,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD SAVINGS BANK; WACHOVIA BANK, N.A. and DOES 1-50,<br><br>Defendants. | Date: May 31, 2013<br>Time: 3:15 p.m.<br>Ctrm: 3020 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

95451/000066/00651568-1        1

# 1. INTRODUCTION.

Defendant, now named Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") provides this updated Case Management Statement.

This adversary proceeding was filed in 2008. Since the filing of the complaint, debtors have had two underlying Chapter 13 bankruptcy cases dismissed. Specifically, Case No. 06-52719 was dismissed on June 16, 2011 (Doc. #198 in Case No. 06-52719); and Bankruptcy Case No. 12-52357 was dismissed on November 28, 2012 (Doc. # 89 in Case No. 12-52357). In addition, debtors sold the property which secured the World Savings deed of trust, which deed of trust is the subject of debtors' adversary complaint. (See Order Granting Motion to Approve Sale of Property, Doc. No. 76, Case No. 12-52357.)

With no underlying bankruptcy proceeding and the adversary proceeding having no conceivable impact on the administration of any bankruptcy estate, this court lacks continued jurisdiction and the adversary proceeding should be dismissed without prejudice.

## 2. REQUEST TO DISMISS WITHOUT PREJUDICE, FOR RE-FILING IN SUPERIOR COURT.

With no Chapter 13 proceeding pending, the Court should dismiss the adversary action without prejudice for lack of jurisdiction. As a general rule, a bankruptcy court does not have jurisdiction in controversies between third parties not involving the debtor or property of the estate. *Baker & Taylor Drilling Co. v. Stafford*, 369 F.2d 551, 556 (9th Cir. 1966). See also *Evarts v. Eloy Gin Cor*p., 204 F.2d 712, 717 (9th Cir. 1953). If, however, such controversies are "related to" the underlying bankruptcy case, the court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

An adversary proceeding is "related to" a bankruptcy case if the outcome of the proceeding could conceivably alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) in such a way as to impact on the administration of the bankruptcy estate. *In re Fietz,* 852 F.2d 455, 457 (9th Cir. 1988).

In *Linkway Inv. Co. v. Olsen (In re Casamont Investors)*, 196 B.R. 517, 525-526 (B.A.P.

9th Cir. 1996), the court held that it was an abuse of discretion for the bankruptcy court to retain jurisdiction over an adversary case post-bankruptcy dismissal, based on a consideration of several factors.

Here, all factors favor dismissal without prejudice. The adversary action is based solely on state law grounds. The complaint alleges violation of non-judicial foreclosure statutes by an alleged incorrect payoff statement, then a corrected statement, pursuant to *California Civil Code* § 2924 *et seq.* The complaint also asserts state law tort claims regarding Wells Fargo's intention to proceed to foreclosure. No discovery has occurred and neither side has made initial disclosures. Except for the November 7, 2008 hearing on Wells Fargo's motion to dismiss (granted as to the claim for wrongful foreclosure, and with leave to amend as to all other claims) (see Docket Entry for Nov. 7, 2008 in Adv. Case No. 08-5205), no law and motion has occurred. The court has not had to expend resources to immerse itself in the case, apart from that one motion. No trial is set. Judicial economy is not served by the Court in keeping this case, especially in light of its nature and the absence of a bankruptcy case.

In short, there is no reason to support continued jurisdiction over this case. Pursuant to the *Linkway* decision, the adversary action should be dismissed without prejudice.

No material prejudice will occur to Plaintiffs. If they choose, plaintiffs may re-file in Superior Court and they will have the benefit of tolling of applicable statutes of limitations based on the pendency of the adversary proceeding.

///
///
///
///
///
///
///
///
///

95451/000066/00651568-1    3

Case: 08-05205    Doc# 86    Filed: 05/30/13    Entered: 05/30/13 10:55:56    Page 3 of 4

### 3. CONCLUSION.

Based on the foregoing, the court is requested to dismiss without prejudice the adversary proceeding.

Respectfully submitted,

Dated: May 30, 2013

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By: /s/ Matthew J. Pero
Matthew J. Pero
Attorneys for Defendant
WELLS FARGO BANK, N.A.,
f/k/a WACHOVIA MORTGAGE, FSB,
f/k/a WORLD SAVINGS BANK, FSB